ROSEMARIE T. RING (State Bar No. 220769)
rose.ring@mto.com
JONATHAN H. BLAVIN (State Bar No. 230269)
jonathan.blavin@mto.com
ELIZABETH A. KIM (State Bar No. 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Defendant Facebook, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BERT RIDDICK and ALLAN CANDELORE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC., and DOES 1-5000,<br><br>Defendants. | Case No. 3:18-cv-04529<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

# REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

## I. INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Facebook, Inc. ("Facebook") respectfully requests that this Court take judicial notice of the following documents submitted in support of Facebook's Motion to Dismiss the Second Amended Complaint ("Motion"):

1. Facebook's "Discriminatory Practices" subpage of its "Advertising Policies" webpage, attached as Exhibit A to the Declaration of Rosemarie T. Ring filed concurrently herewith.
2. Facebook's "Advertising Policies" webpage, attached as Exhibit B to the Declaration of Rosemarie T. Ring filed concurrently herewith.

## II. ARGUMENT

### A. The Court May Take Judicial Notice of Facebook's Public Advertising Policies

Facebook's Motion can and should be granted regardless of whether the Court takes judicial notice of the following documents, which simply provide additional background and support for the arguments advanced in the motion. In deciding a motion to dismiss, the Court may consider documents outside of the pleadings that "are alleged in a complaint" or on which the complaint "necessarily relies," where "the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The Court may take judicial notice of Facebook's policies for the purpose of establishing that this content is displayed to users on Facebook's website and is publicly available on the Internet. *See, e.g.*, *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal. 2014) (taking judicial notice of Yahoo's Terms of Service, Privacy Policy, Global Communications Additional Terms of Service, and Yahoo Mail FAQ as they are "publicly accessible websites"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (taking judicial notice of Xbox Live terms of use available online as they are "capable of accurate and ready determination").

## III. CONCLUSION

Pursuant to Federal Rule of Evidence 201, and for the reasons stated above, the Court should take judicial notice of Exhibit A and Exhibit B to the accompanying Declaration of Rosemarie T. Ring.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: October 31, 2018 | MUNGER, TOLLES & OLSON LLP |
| 3 | | ROSEMARIE T. RING |
| | | JONATHAN H. BLAVIN |
| 4 | | ELIZABETH A. KIM |
| 5 | | |
| 6 | | By:   */s/ Rosemarie T. Ring* |
| 7 | | ROSEMARIE T. RING |
| | | Attorneys for Defendant Facebook, Inc. |